Wilderman et al. *v.* Sandusky.

GARRISON WILDERMAN et al., Appellants, *v.* ANDREW SANDUSKY, Appellee.

### APPEAL FROM FRANKLIN.

Where four persons are sued in trespass, a finding of a verdict of guilty as to three, without naming the fourth, will be a sufficient verdict.

THIS was an action of trespass against the appellants for trespass, in wounding cattle. The action was commenced before a justice of the peace, and taken by appeal to the Circuit

Court of Franklin County; where the cause was heard before DENNING, Judge, and a jury, at September term, 1853. The Wildermans prayed this appeal.

The facts of the case are stated in the opinion of the court.

H. B. MONTGOMERY and E. V. PIERCE, for appellants.

JOHN A. LOGAN, for appellee.

TREAT, C. J. Sandusky brought an action of trespass against four persons of the name of Wilderman. The cause was submitted to a jury as to all of the defendants. The verdict was as follows: " We, the jury, find the three defendants, Nancy Wilderman, Simon Wilderman, and Garrison Wilderman, guilty, and assess the plaintiffs damages at thirty-five dollars." The court overruled a motion for a new trial, and rendered judgment against the three defendants. They prosecuted an appeal.

Upon a full examination of the evidence, we are satisfied that the court committed no error in refusing to grant a new trial.

It is insisted that the verdict was defective, and that the court erred in rendering any judgment upon it. In our opinion, the verdict was substantially good. It may properly be regarded as a finding on all of the issues; and the judgment may be considered as a final disposition of the whole case. The case, as to all of the defendants, was submitted to the jury; and they found affirmatively that three of them were guilty. In legal contemplation, this amounted to a negative finding of not guilty as to the other defendant. The case of Stoltz *v.* The People, 4 Scam. 168, is in principle directly in point. In that case, the indictment contained two counts, each charging a different offence. The verdict was simply guilty, as to the first count. On error brought by the defendant, this court affirmed the judgment entered on the verdict, on the ground that the verdict amounted to a finding of not guilty on the second count, and that the defendant could never again be put on his trial for the offence charged therein. The case of Swinney *v.* The State, 8 S. & M. 576, holds the same doctrine. This view of the case cannot operate to the prejudice of Jacob Wilderman. He may rely on the verdict and judgment as a bar to any further prosecution. Nor have the appellants any cause to complain. In actions of this character, the plaintiff may sue any or all of the parties concerned in the act. The jury may convict one, and acquit another. If one is compelled to pay

the damages awarded, he cannot enforce contribution from his co-defendant.

The judgment is affirmed.

*Judgment affirmed.*