## GEORGE FARNAM

*v.*

## FREDERICK HOHMAN.

1. LANDLORD AND TENANT—*party buying out tenant.* A party purchasing
and taking possession of property from one who is a tenant, takes but his in-
terest, and subject to his obligation to pay rent to his landlord.

2. SAME—*notice to terminate tenancy for non-payment of rent.* A notice to
terminate a tenancy for non-payment of rent is not defective because it fails
to mention any time for the payment of the rent due, and it will be good even
if it misdescribes the number of the lot, when it is apparent that it is not

misleading as to the rent and lease intended, and proof is made, without objection, that the lot leased and the one named in the notice are the same.

3. SAME—*service of notice to terminate for non-payment of rent.* Where a tenant sold out his interest in the demised premises, and the landlord, to terminate the tenancy for the non-payment of rent, delivered a written notice to the father of the party in possession, addressed to the original tenant, which the party in possession afterwards received and read, the service of the notice was held sufficient.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Messrs. ALLEN, BARNUM & ALLEN, for the appellant.

Mr. G. GILBERT GIBBONS, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of forcible detainer, brought by Frederick Hohman against George Farnam, to recover the possession of the premises described in the complaint as " lot two, block one, on Western avenue, in the original town of Blue Island, Cook county, Illinois, together with the frame buildings and ice-houses thereon." Judgment was for the plaintiff, and the defendant appealed.

It appears, from evidence in the case, which is undisputed, that in December, 1874, one Frederick Rall, being the owner, rented the lot in question, upon which were a dwelling house and butcher's shop, to one Schultz, by a verbal agreement, to December, 1878, at $11 per month. Schultz went into the occupancy, and changed the shop into a store, built an ice-house on the premises, and put a horse power on the same. These improvements were constructed by Hohman for Schultz, and to secure the payment of the amount due therefor to Hohman, Schultz executed to Hohman a chattel mortgage upon the improvements. In January, 1876, Schultz sold a half interest in the premises and business to one Theodore B. Williams, and on May 1, 1876, he sold to Williams his remaining half interest, subject to said chattel mortgage. Schultz, on

May 27, 1876, made a written power of attorney to one Asa Farnam, authorizing him to convey the store, ice-house and horse power, placed by Schultz on the premises, and on June 13, 1876, Farnam, as such attorney, conveyed the same by bill of sale to Hohman, in settlement of his claim and of his chattel mortgage securing the same. Afterward, on July 11, 1876, Williams sold and transferred all his interest in the premises and business to the appellant, George Farnam, and his brother, Jason Farnam, who occupied the premises from that time to the time of bringing the suit.

The disputed question of fact on which the decision of the case depends, is as to the relation which Williams assumed toward Hohman on June 13, 1876, (the time of the sale to the latter,)—whether it was that of tenant of the whole or only a part of the premises. Hohman went to Rall, the owner of the ground and dwelling, and landlord of Schultz, in the fore-part of June, 1876, and rented the said premises to January, 1878, at the rent of $10 per month. Williams was present at the sale on June 13th, and Hohman contends, that at that time Williams attorned to him, and agreed to rent of him the whole premises, both houses and land, at the rent of $15 per month, whereas Farnam claims that at that time Williams only agreed to pay Hohman $4 per month for that portion then conveyed to Hohman, viz: the store, ice-house and horse power.

The testimony on this point was conflicting. The jury must have decided it in favor of Hohman, that the agreement was as he contends, and we can not say that their finding of the weight of evidence should be disturbed. Such, then, being taken as the agreement, appellant, who came in afterward under Williams, took but his interest, and subject to his obligation to pay rent to Hohman for the whole premises.

The suit was instituted as upon a termination of the lease to Williams under section 8 of the Landlord and Tenant act, Rev. Stat. 1874, p. 658, which provides, that after demand of payment of rent in arrear, the landlord may notify the tenant,

in writing, that unless payment is made within a time mentioned in the notice, not less than five days after the service thereof, the lease will be terminated.

Objection is taken to the service of the notice. It was a written notice, signed by Hohman, and addressed to Williams, and served by delivering it to Asa Farnam. Sec. 10 provides, the notice may be served by delivery to the tenant, or by leaving the same with some person residing on or in possession of the premises. Evidence was introduced that Asa Farnam was not residing on, or in possession or charge of, the premises, and had nothing whatever to do with them; but appellant himself testifies: "The same day the notice was served on father (Asa Farnam) I saw it. He told me it had been served on him, and I went to the drawer where he had put it, got it and read it. I was then living in the house and occupying the premises." We think this shows, sufficiently, service by leaving a copy with a person residing on or in possession of the premises. The service is not required to be by an officer. There is no force in the objection that the notice mentioned no time for the payment of the rent, except, as it did, within five days from the date of the service of the notice. The statute was followed in this respect.

The point is made that there is a discrepancy between the premises as described in the notice and in the complaint, being in the notice, "lot 2, of block 1, of Robinson's addition to Blue Island," and in the complaint, "lot 2, block 1, on Western avenue, in the original town of Blue Island." There was the testimony of appellee, which was undisputed and not objected to, that the thus differently described premises were the same premises, and that they were the premises leased by Rall to him, and by him to Williams. We think there could have been no misleading or uncertainty from the notice as to what were the rent and lease intended, and that there was no fatal defect in the notice in the respect last named.

The objections taken to the giving, refusing and modifying

of instructions are sufficiently disposed of by what has already been said.

The judgment is affirmed.

*Judgment affirmed.*