## JOSEPH BELL
### v.
## ALBERT BRUHN.

*Landlord and Tenant—Forcible Detainer—Notice to Quit—Service on Wife—Sale Pendente Lite.*

1. It is a sufficient service of a notice to quit if a copy thereof is delivered to the wife of the tenant.

2. Judgment against the husband alone is sufficient, although the summons was served on both husband and wife.

3. Where the lessor conveys property *pendente lite* his recovery inures to the benefit of the vendee.

[Opinion filed March 13, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding.

Messrs. M. A. RORKE & SON, for appellant.

Mr. JOHN C. RICHBERG, for appellee.

Upon the trial in the Circuit Court, that court rendered judgment against both defendants. In the case at bar, there was no judgment against the defendant, Minnie Bell. The suit as to her was dismissed. Upon appeal no judgment was asked for nor given against her. Why, then, should she appear in the Circuit Court? Was it for fun? Does she com-

plain because we did not want a judgment against her? Does
it lie in her husband's mouth to complain? It may be remarked,
also, that a party can not allege errors which relate exclusively
to other parties who are not complaining, and who are not
before the court. Clark v. Warfield, 77 Ill. 258; Richards v.
Green, 78 Ill. 526; Crommi v. Thorp, 42 Ill. 121; Horner v.
Zimmerman, 45 Ill. 14.

GARY, J.  January 22, 1887, the appellee demised to the
appellant and his wife, rooms. The rent being unpaid, May
17, 1887, notice, addressed to them, signed by appellee, was
served by delivering a copy to her. This notice was pursuant
to Sec. 8 of the act of 1873 in relation to landlord and
tenant, and the only question on it is as to the service.

Appellant not leaving the premises, appellee commenced a
forcible detainer suit against appellant and his wife before a
justice of the peace, in which suit service of the summons
was had upon both, but only the appellant appeared; judgment
went against him only; he appealed to the Circuit Court, and
being defeated there, appeals here. The objection that the
appellant's wife ought to have been brought into the Circuit
Court, is not good. Fabbri v. Cunio, 1 Ill. App. 240; Wells v.
Reynolds, 3 Scam. 191. She was no party to the judgment
before the justice. The judgment of the justice against the
appellant alone, disposed of the complaint against her. Wil-
derman v. Sandusky, 15 Ill. 59.

The service of the notice "by delivering a copy thereof to
the within named Mrs. Minnie Bell, wife of J. Bell, she being
a person above the age of twelve years, residing in and in
possession of the within described premises," was a good
service. Notwithstanding the fact that it was addressed to
both of them, the service was precisely such as the statute
requires if it had been addressed to him alone, and it is to be
presumed he got it. As a witness on the stand he did not
deny receiving it. Farnam v. Holman, 90 Ill. 312; Doe v.
Watkins, 7 East, 551; Jones v. Marsh, 4 D. & E. 464.

After the suit was commenced, the appellee conveyed the
premises, so that his right to the possession had terminated

*pendente lite.* He was, however, at the commencement of the suit, entitled to the possession, and his recovery inures to the benefit of his grantee. So held in ejectment; Mills v. Graves, 44 Ill. 50; and one of the reasons there assigned is that it is the policy of this State to promote the easy sale and conveyance of land, and not to prevent such conveyance during the long period which may be consumed in litigation. That reason applies to suits of this character with, at least, part of the force that it does to ejectment. No good would result from a contrary doctrine.

There is no merit in the appellant's case.

*Judgment affirmed.*