<hr />

CHARLES T. PATTERSON AND WILLIAM WAYMAN

v.

MICHAEL GRAHAM.

*Landlord and Tenant—Forcible Detainer—Eviction.*

1.   The demise of a building, as a certain number upon a given street, the same to be used for a purpose named, passes no more land than is necessary to the complete enjoyment of such building.  The subjacent land passes, and easements appendant thereto naturally and necessarily belonging to the premises.

2.   Under such lease, no interest in any other building on the same lot passes to the lessee, and the terms of such lease can not be varied by parol evidence of what was said by the lessor as to the lease including such building.

3.   An eviction consists in taking from a tenant some part of the demised premises of which he was in possession.  An act of a permanent character, done by the landlord in order to deprive, and which had the effect of depriving the tenant of the use of the thing demised, or a part of it, will amount to an eviction.

4. An actual eviction suspends the rent but does not terminate the lease, and the tenant may continue to occupy under the lease the part of which he retains possession, and need not pay rent therefor, and in such case the landlord can not maintain forcible detainer against the tenant to recover possession for the non-payment of rent.

5. A constructive eviction may be by some acts done with the intention, and which have the effect of essentially interfering with the tenant's beneficial enjoyment of the premises involved, or some part, thereof; but in order that such acts shall operate as an eviction, they must be of such character as warrant, and are followed by the tenant giving up the possession; and rent will not be suspended unless the tenant removes from the premises in question.

6. The delivery up of premises by returning the key thereof during the pendency of forcible detainer proceedings, does not, in the absence of evidence going to show that the same was offered and received as a compromise of such suit, operate to terminate the same; the proceeding is to determine the plaintiff's right to the possession at the time the same was brought.

7. In the case presented, this court holds that the complaint was properly signed with the landlord's name by certain parties as agents, no question being made as to the right of such agents to so sign.

8. A plaintiff has the right to pursue his proceeding to judgment, after he has, pending the action, obtained possession, for the purpose of fixing liability on the appeal bond for the wrongful detention of the premises.

[Opinion filed April 8, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. S. P. McCONNELL, Judge, presiding.

Mr. E. A. SHERBURNE, for appellants.

Messrs. JOHNSTON & GRAY, for appellee.

MORAN, P. J. This is an action of forcible detainer, brought for a failure of the tenants to pay rent on a demand and notice in pursuance of the statute. The main defense relied on, is that appellants were evicted from the premises by the acts of appellee, and that no rent became due.

The premises demised by the lease are "the building known as 142 South Halsted street, in Chicago, to be occupied as a music store," the term being from September 15, 1886, to the 13th of April, 1890.

At the time said lease was made, there was a passage way running from front to rear between the north wall of said building, and the north line of the lot on which said building stood, of something more than three feet in width, and leading to the yard in the rear of said building.

In June, 1888, appellee made a party wall agreement with one Koester, the owner of the lot north of and adjoining the lot on which the demised building stood, in and by which said Koester was authorized to build a party wall on the line between said two lots, placing one-half of the wall on either side of the line, and in pursuance of said agreement said Koester did enter on appellee's said lot and erect the wall, occupying for such purpose about one foot of the north side of said passage way.   There was some evidence that in building said wall there was interference with some building standing on the rear of the lot, which appellants had taken possession of and which they had leased to tenants, and their said tenants had been evicted from said building and had refused to pay rent.

The demise of a building as in the terms of this lease passes no more land than is necessary to the complete enjoyment of the building.   The subjacent land passes, and any easements appendant thereto naturally and necessarily belonging to the premises.   Taylor, L. & T., Sec. 161–2; Sherman v. Williams, 113 Mass. 481; Riddle v. Littlefield, 53 Vt. 503; McMillan v. Solomon, 42 Ala. 356; Houghton v. Moore, 141 Mass. 437.

Therefore appellants did not by the terms of the lease take any interest in the buildings on the rear of the lot, and whatever the interference with them, it was no concern of appellants.   The terms of the written lease could not be varied by parol evidence of what the agent of the lessor said as to the lease including the right to the buildings in the rear.   If it was claimed that said buildings in the rear were essential to the beneficial use of the building leased, a different question would be presented.   Oliver v. Dickenson, 100 Mass. 114.

Assuming that the lease passed an easement of the right of way over the passage way from front to rear running along

the building leased, as a right necessary to enjoyment of the premises granted, the question arises, whether the encroaching upon said passage way and building the wall thereon, thus diminishing its width about one foot, was such an eviction as suspended the rent under the lease and entitled appellants to retain the possession of the premises to the end of the term without the payment of rent. An eviction consists in taking from a tenant some part of the demised premises of which he was in possession. "An act of a permanent character, done by the landlord in order to deprive, and which had the effect of depriving the tenant of the use of the thing demised, or a part of it," will amount to an eviction. Hayner v. Smith, 63 Ill. 430; Lynch v. Baldwin, 69 Ill. 210.

An actual eviction is an actual expulsion of the tenant out of all or some part of the demised premises, a physical ouster or dispossession from the very thing granted, or some substantial part thereof.

Such an eviction *ipso facto* suspends the rent, but does not terminate the lease, and the tenant may continue to occupy under the lease the part of which he retains possession, and need not pay rent therefor, and in such case the landlord can not maintain forcible detainer against the tenant to recover possession for the non-payment of rent. No rent becomes due while the partial eviction continues, and consequently there can be no forfeiture of the lease for non-payment of rent. Wood, Landlord & Tenant, Sec. 481; Taylor, L. & T. Sec. 315, 378; Smith v. Wise et al., 58 Ill. 141; People v. Gedney, 10 Hun, 151; Skaggs v. Emerson, 50 Cal. 3.

A constructive eviction may be by some act done with the intention and which has the effect of essentially interfering with the tenant's beneficial enjoyment of the premises, or some part thereof, such as building a fence in front of the premises so as to cut off the tenant's access thereto, or creating a nuisance adjacent to the premises; but in order that such acts shall operate as an eviction, they must be such as warrant, and are followed by the tenant's giving up the possession. " Such acts as create a constructive eviction amount to a right to abandon the premises rather than a bar to an action for rent."

Wood, Landlord & Tenant, 799; Royce v. Greggenheim, 106 Mass. 201; Burnham v. Martin, 90 Ill. 438; Lynch v. Baldwin, *supra*.

Now we have already seen that the passage way was not a part of the demise, and that at most an easement of a passage over it was conveyed as appendant or appurtenant to the premises. Interference with the passage way by entering upon it and erecting the wall on a part thereof, was not an ouster of the appellants from any portion of the premises demised. All that such action could amount to, would be an interference with the easement of passage, or the full beneficial enjoyment of such easement in connection with the premises demised; therefore if the interference was so material as to amount to a constructive eviction, the rent would not be suspended unless the appellants treated it as an eviction and yielded the possession of the premises within a reasonable time.

There is no evidence, however, that the narrowing of said passage way by taking one foot therefrom in the least diminished its beneficial use ·to appellants, or to any of the occupants of the building leased, and it is therefore doubtful, at least, whether the acts done by the authority of the landlord were of such a nature as would warrant the tenants in treating them as a constructive eviction. There is no necessity of speculating on that question. It is very clear that there was no eviction which authorized appellants to continue in possession of the premises without the payment of rent, and therefore the lease was liable to forfeiture for non-payment thereof under the five days notice which was served upon them prior to the commencement of the proceeding.

It is contended that the complaint should have been quashed by the Circuit Court, because it was signed "Michael Graham, by Wm. D. Kerfoot & Co., agents," instead of by said Michael Graham with his own hand. The contention is, that the statute requires the complaint to be "by the party or parties entitled to the possession." We think the complaint sufficient in that regard. It purports to be by the party claiming the possession, and his name is signed thereto by his agent.

Such complaint is by the party and not by the agent. No question is made as to the agent's authority to sign the appellee's name, or to institute the proceeding for him, and appellee has appeared in court and been represented by his attorney in the prosecution of the action.

It is also contended that appellee had no right to a judgment, for the reason that while the action was pending, the possession of the premises was delivered up by the delivery of the key thereof to appellee's counsel. There is no evidence that the key was offered or received as a compromise of the forcible detainer proceeding, and without such intention, receiving a surrender of premises pending such a proceeding, would not terminate the suit. The proceeding is to determine plaintiff's right to the possession at the time it was commenced, and he could not assert in the case a right to possession, which did not accrue till after the action was begun. The judgment relates to the right of possession, which was claimed when the proceeding was instituted, and it is for the withholding of the possession against such right wrongfully, that the signers of the appeal bond became liable. A plaintiff has the right to pursue his proceeding to judgment, after he has, pending the action, obtained possession, for the purpose of fixing liability on the appeal bond for the wrongful detention of the premises. Bell v. Bruhn, 30 Ill. App. 300.

There is no error in the record and the judgment will therefore be affirmed.                    *Judgment affirmed.*