## JOSEPH DAGGITT

### V.

## MARY MENSCH AND CHARLOTTE A. BAKER.

*Appeals—Debt on Bond—Forcible Detainer.*

1. A conveyance *pendente lite* by the plaintiff in an action of forcible detainer, does not affect his right to recover, if at the commencement of the suit he was entitled to the possession; and the same result attends any change of possession.

2. An allegation in an action of debt upon an appeal bond, stating that appellant did not prosecute his appeal with effect, without stating the facts showing what became of the suit, is insufficient upon demurrer; no claim for nominal damages can be based on such an allegation.

[Opinion filed November 2, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. GEORGE DRIGGS, Judge, presiding.

Mr. E. C. CRAWFORD, for appellant.

Mr. E. W. ADKINSON, for appellee Baker.

GARY, J.   This is an appeal from the judgment of the Circuit Court in favor of the defendants there, appellees here, upon a demurrer to the declaration.

The action is debt upon an appeal bond given by the appellee above named, with a surety, upon an appeal by her from the judgment of a justice of the peace, against her, in an action of forcible detainer.

The declaration recites, in describing the bond and alleging the breach, as follows: "In which said writing obligatory it was provided that if said Mary Mensch should prosecute her appeal with effect, and should pay to the plaintiff all rent then due and that might become due before the final termination of the suit, and all damages and loss which the said plaintiff might sustain by reason of the withholding of the premises in

controversy, and by reason of any injury done thereto during such withholding, together with all costs, until the restitution of the possession thereof to the plaintiff in case the judgment from which the appeal was taken should be affirmed, or the appeal dismissed, then said writing obligatory was to be void, otherwise to remain in full force and effect; and that although said defendant, Mary Mensch, withheld said premises from the plaintiff from May 15, 1887, until on or about December 16, 1888, to wit, during the pendency of the appeal above mentioned, and that she, the said defendant, did not prosecute her said appeal with effect, and that on May 26, 1890, said suit was finally terminated by order of said Circuit Court, then duly entered of record, and that the rent of said premises was worth and amounted to the sum of $1,710, and was and is withheld from said plaintiff by said defendant, Mary Mensch, together with interest thereon, and that the plaintiff has sustained great loss and damage by reason of said withholding, to wit, the sum of $1,710, and interest thereon.

"And that, nevertheless, said defendant, Mary Mensch, has not paid the plaintiff," etc.

The declaration does not show how the suit in which the appeal was taken ended, but only that it "finally terminated;" perhaps by a verdict and judgment for Mensch.

The position of the appellant is that it does not matter how the suit ended, provided that in fact rent and damages accrued to the appellant.

He gives no effect to the words, "in case the judgment from which the appeal was taken should be affirmed or the appeal dismissed," which describe the contingency upon which Mensch was to pay, as clearly and effectually as if they had been placed between the words "and" and "should" immediately following the word "effect" in the first clause of the condition of the bond.

It is urged that by this construction a defendant in a forcible detainer case may defeat his appeal bond by abandoning the premises just before trial in the Circuit Court, and thereby prevent the plaintiff from obtaining a judgment for the possession and costs.

We have held that a conveyance *pendente lite* by the plaintiff in an action of forcible detainer, does not affect his right to recover, if at the commencement of the suit he was entitled to the possession.  Bell v. Bruhn, 30 Ill. App. 300. And the same result àttends any change of possession.  Patterson v. Graham, 40 Ill. App. 399.

The allegation that Mensch "did not prosecute her said appeal with effect," without stating the facts showing what became of the suit, is insufficient on demurrer.  People v. Zingraf, No. 3955, this court, unreported.

No claim for nominal damages can be based on that allegation.  The judgment of the Circuit Court is right, and is affirmed.

*Judgment affirmed.*