## George F. Golden v. Paul Menker.

### Gen. No. 13,160.

1. FORCIBLE ENTRY AND DETAINER—*right of plaintiff to sue for whole, notwithstanding defendant occupies but part of premises.* The plaintiff in forcible entry and detainer may claim the entire premises in question, and, if it appears that the defendant is in but part possession of such premises, it is proper for a judgment to go for the part so occupied by the defendant.

2. FORCIBLE ENTRY AND DETAINER—*what does not preclude right to recovery in.* The fact that the plaintiff in forcible entry and

detainer may have conveyed all his interest in the premises in question after suit brought does not preclude his right to recovery.

3. TENANCY FROM MONTH TO MONTH—*notice essential to terminate*. Thirty days' notice is required to terminate a monthly tenancy.

Forcible entry and detainer. Appeal from the County Court of Cook county; the Hon. MAZZINI SLUSSER, Judge, presiding. Heard in this court at the October term, 1906. Reversed and remanded. Opinion filed March 18, 1907.

NEWTON WYETH AND RICHARD J. COONEY, for appellant.

WINSTON, PAYNE & STRAWN, for appellee; FRANK N. BURNS, of counsel.

MR. JUSTICE ADAMS delivered the opinion of the court.

This is an appeal from a judgment in forcible detainer rendered in favor of appellee and against appellant. The premises claimed by appellee are described in the complaint as number 834 Root street, in the city of Chicago, Cook county, Illinois, and it is averred in the complaint that George F. Golden, the appellant, unlawfully holds possession of said premises. It appears from the evidence that May 27, 1905, the Chicago Consolidated Brewing & Malting Co. demised the premises, by written lease of that date, to Morris Hayes, for a term commencing July 1, 1905, and ending April 30, 1906, for a rental of $60 per month, payable monthly on the first day of each month during the term.

William Clemens, called by the plaintiff, Menker, testified that he represented the Seipp Brewing Co., and that he was present when the lease to Hayes was drafted. The following occurred in his examination in chief:

"Q. After you got the lease, what, if anything, did you do towards letting the premises, or subletting them?

A. The premises were sublet to a man by the name of Paul Menker.

Q. Written or verbal lease?

A. Verbal lease.

Q. State what was said or done at that time.

A. It was stated he should take number 834 Root street, the frame building, the southeast corner, which includes the premises down stairs and upstairs, with the rental of sixty dollars a month from the first of June.

Q. What did he say about taking the premises, if anything?

A. He said he wanted the premises, wanted the whole premises.''

The witness further testified that Menker went into possession June 10, 1905, and that appellant Golden was in the premises at that time, but how long he had been there, he did not know.

It will be observed that this arrangement with the Seipp Brewing Co. was, as testified to by the witness, while the lease from the Chicago Consolidated Brewing & Malting Co. to Hayes, of date May 27, 1905, was in force, and there is positively nothing in the testimony of the witness to show that the Seipp Brewing Co. owned or had any lease of the premises. There is no evidence in the case that the Seipp Brewing Co. had any lease of the premises at any time, except in the evidence of appellant Golden, who was questioned and answered as follows:

''Q. Do you know who the owner of the property is, Mr. Golden?

A. Yes, sir, I do.

Q. Who?

A. Michael Hayes.

Q. Do you know whether or not the Seipp Brewing Co.—did you understand from the agent of the Seipp Brewing Co. whether they had a lease on these premises from Mr. Hayes?

A. I understand they have.''

It appears from the evidence that appellee vacated

the premises about November, 1905, and that one Herman Pillish then took possession, and was in possession at the time of the trial, and the evidence tends to prove that appellee sold his interest in the premises to Pillish, and that Pillish went into possession as tenant of the Seipp Brewing Co.

Appellant Golden testified that he had been a tenant from month to month since the first part of October, 1902, and that he paid his rent every month. This evidence is uncontradicted. The court, at the conclusion of the evidence, gave to the jury, on motion of appellee's attorneys, a peremptory instruction to find for the plaintiff, which the jury did; and the court, after overruling a motion for a new trial, rendered judgment on the verdict.

Appellant's counsel argue the following objections:

1. The court erred in overruling appellant's motion to quash the complaint, the notice to appellant to vacate the premises in question, and the summons. The reason assigned for this motion is, that the appellant occupied only two rooms at the premises known as number 834 Root street, and the complaint is for the entire premises, and that the service of the notice was defective, etc. In support of this objection counsel refer to the following sections of the forcible detainer act:

"Sec. 13. If it shall appear on the trial that the plaintiff is entitled to possession of the whole of the premises claimed, he shall have judgment and execution for the possession thereof and for his costs.

Sec. 14. If it shall appear that the plaintiff is entitled to the possession of only a part of the premises claimed, the judgment and execution shall be for that part only and for costs, and for the residue the defendant shall be found not guilty."

Manifestly, if the plaintiff claims the whole of the premises in question, these sections do not prohibit him from suing for the whole, notwithstanding the defendant may be in possession of only a part of the

premises, and it has been so held. Hardin v. County of Sangamon, 71 Ill. App. 103, 118; Bussen v. Dickson, 97 *ib*. 310, 313. The service of the notice was sufficiently proved. The motion appears to have been made after the jury was empaneled, and, therefore, too late; besides there was, no apparent ground for sustaining the motion, even if valid, no evidence having been heard.

2. Certain questions were asked the witness Clemens by appellant's attorney, on cross-examination, for the purpose, as is indicated by the argument of appellant's counsel, of proving that appellee, at the time of the trial, was not entitled to possession of the premises. Objections to these questions were properly sustained. The material question was, whether appellee was entitled to possession when he brought suit, and notwithstanding he may have conveyed all his interest to a third person after suit brought, the suit might properly proceed to judgment in his name for the benefit of his grantee. Bell v. Bruhn, 30 Ill. App. 300; Daggitt v. Mensch, 41 *ib*. 403.

3. It is objected that the court erred in peremptorily instructing the jury to find for the appellee. We think this objection well taken.

Appellant testified that he was a tenant in the building from month to month since the first part of October, 1902, and paid his rent every month. The evidence shows that he was in possession of two front rooms, upstairs in the building. This evidence is uncontradicted. It was incumbent on appellee to prove by the greater weight of the evidence that appellant was, as against him, unlawfully in possession. There is no presumption that he was unlawfully in possession. The presumption is that he was lawfully in possession, in the absence of evidence to the contrary. Assuming it to be true, which the evidence very vaguely tends to prove, that the Seipp Brewing Co. had a lease from Hayes and sublet to the appellee, *non constat*, that appellant had not a prior lease

from Hayes, or his grantor, of the rooms which he occupied. However this may be, appellee failed to prove that appellant's possession was unlawful, and if he was a tenant from month to month, as his uncontradicted evidence shows, the five days' notice given him to quit was ineffective to terminate his tenancy. A thirty days' notice is required to terminate a monthly tenancy, and in case of a five days' notice, for default in payment of rent, a prior demand for the rent is necessary, and there is no evidence of such demand. Rev. Stats., chap. 80, secs. 6 and 8.

It is significant that the five days' notice treats him as a tenant. The notice, omitting the address and signature, reads thus:

"You are hereby notified that your tenancy of the following premises, to wit, 834 Root street, city of Chicago, County of Cook, State of Illinois, situate in the city of Chicago, in the County of Cook and State of Illinois, will terminate on the 29th day of June, A. D. 1905, and you are now hereby required to surrender possession of said premises to me on that day. Dated at Chicago, Illinois, this 24th day of June, A. D. 1905."

If this case is to be tried again, it is to be hoped that some regard will be had to the rule requiring the best evidence within the power of the parties to produce, and that the evidence will not be of such vague, uncertain and indeterminate character as that in the record before us.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*