## Harris Hickox, Appellee, v. Wilbur P. Armstrong, Appellant.

1. FORCIBLE DETAINER—*settlement.* Where plaintiff leases certain premises to defendant with a provision that defendant may, at the expiration of the lease, remove a building which he constructed under a former lease, and after the expiration of the lease plaintiff obtains a judgment in forcible detainer before a justice of the peace from which defendant appeals to the circuit court and pending the appeal removes the building and notifies plaintiff that he may take possession, the taking of possession by plaintiff was not a settlement and discharge of plaintiff's cause of action.

2. FORCIBLE DETAINER—*where possession is given up pending litigation.* Where the possession of property is delivered to the plaintiff in an action of forcible detainer, after the institution of the suit, in the absence of proof of settlement, the plaintiff may still prosecute the action to judgment.

Appeal from the Circuit Court of Sangamon county; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed April 18, 1913.

HAMILTON & CATRON, for appellant.

W. ST. J. WINES, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action of forcible detainer, begun in the justice of the peace court, where judgment was rendered against appellant, whereupon an appeal was perfected to the circuit court of Sangamon county. A hearing there resulted in the issues being found for the appellee, and the court rendered judgment against appellant, from which judgment this appeal has been perfected.

The facts of the case may be stated as follows: Appellant was the tenant of appellee. During the life of a former lease appellant had constructed a two story brick building on the premises, and the last lease provided that appellant should have the right to remove the building at the expiration of the lease, which expired July 1, 1911. On the expiration of the last lease appellee demanded possession of the premises, and on July 11, 1911, a formal written demand for possession was served. On the 27th day of July, 1911, the suit for possession was commenced before the justice of the peace resulting in judgment for appellee, and thereupon the appellant perfected his said appeal to the circuit court. From July 1, 1911 to November 20, 1911, appellant continued to occupy the building, and to collect rent from his tenant who occupied the upper rooms of the building.

Pending the hearing in the circuit court, and on the 20th day of November, 1911, appellant removed his building off of the premises, and wrote appellee noti-

fying him of that fact and stated that appellee was at liberty to take possession. Appellee took possession immediately.

The hearing on the appeal from the justice of the peace came on in the circuit court on April 15, 1912, where a jury was waived and the cause submitted to the court for determination.

Appellant, at the close of all of the evidence, asked the court to hold, as matter of law, that the tender and offer of the premises by appellant, after the appeal had been taken, and its acceptance and the taking of possession by appellee, was a settlement and discharge of appellee's cause of action. The court refused to hold such proposition to be the law applicable to the case, and rendered judgment against appellant, and from that judgment this appeal was prayed.

The action of the court in refusing to hold the proposition submitted as the law applicable to the case, is assigned as for error.

The law is well settled in this state, that where the possession of property is delivered to the plaintiff in an action of forcible detainer, after the institution of the suit, in the absence of proof of settlement, the plaintiff may still prosecute the action to judgment.

In *Patterson* v. *Graham,* 40 Ill. App. 399, the reason for the rule is announced as follows: "The plaintiff has a right to pursue his proceeding to judgment, after he has, pending the action, obtained possession, for the purpose of fixing liability on the appeal bond for the wrongful detention of the premises."

This doctrine is supported by the following authorities: *Bell* v. *Bruhn,* 30 Ill. App. 300; *Daggitt* v. *Mensch,* 41 Ill. App. 403; *Patterson* v. *Graham,* 140 Ill. 531.

Under this view of the law the court properly refused to hold the proposition asked to be the law applicable to this case.

No error appearing in the record, the judgment of the trial court must be, and is, affirmed.     *Affirmed.*