SCHERUBEL *et al.* v. ASKEW.

No. 3577.   Opinion Filed June 9, 1914.

(141 Pac. 410.)

APPEAL AND ERROR—Abandonment of Appeal—Reversal. Where a defendant in error has failed to file briefs and appears to have abandoned the appeal, and where the grounds urged for reversal appear to be supported by the authorities cited in plaintiff in error's brief and by the record, the judgment will be reversed.

(Syllabus by Harrison, C.)

*Error from District Court, Muskogee County;*
*R. P. de Graffenreid, Judge.*

Action by J. B. Askew against Joseph Scherubel and A. G. Coppenbarger. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

*Wm. A. Green,* for plaintiffs in error.

Opinion by HARRISON, C.   This was an action in replevin by J. B. Askew against Joseph Scherubel and A. G. Coppenbarger to recover possession of two automobiles sold to defendants by

plaintiff upon which a mortgage had been given by defendants to plaintiff for the balance of purchase money due on said automobiles. Upon defendants' failure to pay the debt when it became due, plaintiff proceeded to sell, and did sell, the mortgaged property by posting up notices as required by law, but without taking possession of the mortgaged property, and at the sale purchased same himself. Thereupon he demanded the property, and, upon defendants' refusal to give possession of same, Askew brought the suit in replevin, claiming possession by virtue of his purchase at the aforesaid sale. Judgment was rendered in favor of plaintiff, Askew, and defendants appealed to this court.

The only question presented is that plaintiff had no title to the property by virtue of the aforesaid sale for the reason that defendants had possession of the property during all the time, and that, on the day of sale, the property was not present at the place of sale but was in the possession of defendants.

Plaintiffs in error contend that the sale of mortgaged property by posting up notices as required by law is not valid, unless the mortgagee has possession of the property and gives the bidders an opportunity to see and inspect same at the sale.

This cause was filed in this court February 5, 1912. On February 23, 1912, plaintiffs in error filed briefs. On May 4, 1912, defendant in error having filed no briefs, plaintiffs in error filed motion to reverse the cause because of defendant's failure to comply with rule 7 (38 Okla. vi, 137 Pac. ix) of this court, and in support of the proposition that a sale of mortgaged chattels by posting up notices as required by law is not valid, unless the mortgagee has possession of same or has same at the place of sale so that the bidders may have opportunity to see and inspect same, cites *Carey v. Bright,* 58 Pa. 84; Rorer on Judicial Sales, 335; *Herod v. Bartley,* 15 Ill. 59; 2 Cobbey on Chattel Mortgages, 969; *Boylan v. Kelly,* 36 N. J. Eq. 331; section 4416, Comp. Laws 1909 (Rev. Laws 1910, sec. 4026); *Kitchen v. Schuster,* 14 N. M. 164, 89 Pac. 261; *Swank v. Elwert,* 55 Ore. 487, 105 Pac. 901; 31 Cyc. 785-791.

Plaintiffs in error's contention seems to be supported by the foregoing authorities and by the record.

Hence, under rule 7 of this court (38 Okla. vi, 137 Pac. ix), the judgment is reversed, and the cause remanded.

By the Court: It is so ordered.