Charles Center Case, Plaintiff-Appellant, v. Fred Rewerts and Maybelle Meier Rewerts, Defendants-Appellees.

**Gen. No. 11,059.**

Second District, First Division.
September 19, 1957.
Rehearing denied November 1, 1957.
Released for publication November 1, 1957.

John A. Strom, of Belvidere, and Case & Canaday, of Chicago (John A. Strom, of counsel) for plaintiff-appellant.

Berry & Simmons, of Rockford, for appellees.

JUSTICE McNEAL delivered the opinion of the court.

This is an appeal from a judgment of the Circuit Court of Boone county striking and dismissing plaintiff's complaint under the Forcible Entry and Detainer Act, and from orders denying plaintiff's motions that the court vacate the judgment and enter declaratory and summary judgments in his favor.

Plaintiff had leased his 190.2-acre dairy farm, known as Intershire, located in the southwest part of Boone county, to the defendants and they had agreed to operate the farm on a 50-50 basis from March 1, 1954 to February 28, 1959. The terms of the tenancy were set forth in a five-page lease and a three-page supplementary agreement.

Disagreements arose between the parties and on December 19, 1955, plaintiff served defendants with a nine-page notice of termination of lease and notice to

quit and deliver possession of the farm within 10 days. In the notice plaintiff specified from A to Z the alleged defaults, delinquencies and violations on the part of defendants upon which the termination was based. On the same date plaintiff wrote defendants that Howard Martin was his agent and representative, authorized to act for him in all matters relative to the farm. Defendants' attorney wrote to Martin on December 21 suggesting settlement before the first of the year and again on December 28 proposing a division of chattel property between the parties in contemplation of removal from the farm.

In his unverified complaint captioned action under Ill. Rev. Stat., Ch. 57, Par. 5, filed on January 17, 1956, plaintiff alleged that he "is entitled to the possession" of the farm and that defendants "unlawfully withhold possession thereof" from the plaintiff. The complaint contains no claim for rent or for any relief other than possession. Brown, Connolly & Paddock and Knight, Ingrassia & Bourland appear as plaintiff's attorneys at the bottom of the complaint. On January 23 defendants answered denying plaintiff's allegations and demanded trial by jury.

On the same day defendants also filed a three-page complaint in chancery against the plaintiff for a division of their jointly owned chattels and equipment and for an accounting. In their complaint defendants alleged that for several months they had sought to reach an agreement with plaintiff so that the property could be divided and they could move from the farm, but that plaintiff consistently refused to make a division and forbade defendants to do so and thereby rendered it impossible for defendants to move, although they were willing to do so. On February 2 plaintiff filed a thirteen-page verified answer denying that either Mr. Paddock or Mr. Martin ever had any authority to act for him in compromise or settlement of his claims,

3

counterclaiming for an accounting, and adopting by reference allegations contained in his thirteen-page separate complaint in chancery for an accounting, injunction, receiver, etc., which he had filed on January 24. Knight, Ingrassia & Bourland were named as plaintiff's attorneys on his answer. In his separate action in chancery plaintiff complained of defendants' unlawful detention, misuse and waste of the farm and his share of the chattels after December 19, 1955, and alleged that the account involves numerous transactions and is of such complexity and intricacy that it cannot be taken properly by a court of law. Brown, Connolly & Paddock were named as plaintiff's attorneys on his separate complaint.

On February 24, 1956 the chancery cases were consolidated pursuant to defendants' motion. Attorney Paddock appeared for plaintiff and Attorney Simmons appeared for defendants. Pursuant to their stipulation the court ordered that defendants divide the cattle, hogs, poultry and other equipment into two equal parts and plaintiff have his choice; that defendants take and remove from the premises one-half of the silage, hay, corn and oats; that Howard Martin be appointed special commissioner to make division in case the parties were unable to agree; that the division be made on February 25 and 27; and that defendants move from the farm by March 1, 1956. Mr. Paddock said that he would like to stipulate that the stipulation have no effect whatever on the detainer suit. Mr. Simmons made no response to this suggestion, and the order provided only that the stipulation was entered without prejudice to the rights of the parties as to the matters set forth in the chancery cases. The parties further agreed that the detainer case be set for trial by jury on April 23, 1956. In his affidavit in support of a motion to strike defendants' answer in one of the chancery cases, plaintiff states that he noti-

4

fied Martin immediately upon his appointment as commissioner that such appointment disqualified him to act in any way as plaintiff's agent or representative.

In their motion filed on April 4, 1956, to strike the complaint in the forcible detainer action, defendants stated that they had moved from the premises on February 28, 1956; that the farm was in plaintiff's possession; and that there was nothing left to be litigated on the complaint and the question was moot. Notice was given Attorney Paddock that the motion to strike would be presented to the court on April 6. On that day the motion was set for hearing on April 13. According to the abstract, plaintiff's attorney in open court on April 13 admitted that the statements in defendants' motion were true, except that there was nothing left to be litigated between the parties and that the question was moot. An entry was made in the judge's docket as follows: Defendants' motion to strike complaint heard and granted and said complaint ordered stricken. The clerk's record for April 13 is in accord with the docket entry and refers to an order wherein the court found as of April 13, 1956, that the matters set forth in defendants' motion were true in that they did move from plaintiff's farm on or about February 28, 1956, and did surrender possession thereof to plaintiff at that time; that the question raised by the complaint was then a moot point in that the complaint was a possessory action only and that therefore a trial would settle only abstract propositions of law and adjudicate court costs, and therefore the court ordered and adjudged that the complaint be dismissed and stricken and that plaintiff take nothing by his action. The formal order was submitted to the court and signed on April 20.

In the meantime, on April 18, plaintiff filed a motion "to vacate the judgment entered . . . on April 13, 1956, striking the plaintiff's complaint." On April

5

20 the court also granted plaintiff leave to file his motion to vacate instanter, and to file supporting affidavits within 10 days, and granted defendants 10 days in which to reply. Subsequently the parties stipulated that plaintiff's time to file documents in support of his motion be extended to May 4.

On May 4 plaintiff filed an eighteen-page affidavit and forty-two exhibits in support of his motion to vacate. Without obtaining leave he also filed on the same day a motion for summary judgment supported by the affidavit and exhibits, and on June 4 a sixteen-page motion for declaratory judgment.

On September 21 plaintiff's motion to vacate came on for hearing. Plaintiff appeared personally and on his behalf Mr. Paddock made an extensive statement of the entire proceedings. In explanation of his position taken on April 13, the court said: here was a forcible entry and detainer suit that had been filed. The case was set for trial with a jury, which takes time, and the tenant came into open court and stated that he had given up possession of the farm, that he was no longer in possession. Then the court felt there was no issue to be tried, there was no reason to call a jury and go through a jury trial on a moot question where the question of possession was terminated by the tenant voluntarily . . . in consequence of the notice he had received from the landlord. Defendants' attorney Simmons read the order sought to be vacated and stated that the order was drafted so that it would not be res adjudicata on points other than the matter of possession; and that defendants were making no claim to possession of the farm. Plaintiff in his own behalf complained that there was no proof in the record that defendants had moved and that plaintiff had possession of the farm. In reply the court said: I was informed in open court with all parties present and represented and by stipulation that the tenant had

6

moved from the premises. I needed no proof because it was agreed to and everybody admitted it. . . . The only thing that was decided was that he was out of possession and you had possession. The court announced that he intended to deny the motion to vacate, but at plaintiff's request entry of the ruling was deferred for two weeks. The matter was further continued until October 25 when Brown, Connolly & Paddock withdrew as attorneys for plaintiff. Thereafter plaintiff appeared pro se until November 1, when John A. Strom entered his appearance and filed a petition for consideration and determination of the pending motions. On November 9, 1956, the court denied all of plaintiff's motions and this appeal followed.

Although no testimony was taken, plaintiff's several motions, extensive affidavits and exhibits, some of which were unnecessarily repeated as many as eight times in the transcript, have unduly prolonged the record in this case to 789 pages and produced an abstract of 179 pages.

Plaintiff-appellant contends that the trial court exceeded its jurisdiction in dismissing plaintiff's complaint because the order of April 13 striking the complaint was not a final order, and because plaintiff had a right to an adjudication that he was entitled to possession of the farm on the date the complaint was filed.

 Plaintiff's attorney was present in open court on April 13 and admitted that defendants had moved from the farm and that plaintiff was in possession. Plaintiff's prompt action on April 18 in moving to vacate the judgment entered on April 13 indicates that he understood that the court had effectively disposed of his complaint. His appeal from the order entered on April 13 is inconsistent with his contention that the order was not a final disposition of his case. To be appealable, the order, judgment or decree must

contain language to the effect that the party take nothing or that the defendant go hence without day. Prange v. City of Marion, 297 Ill. App. 353, 355; The People v. Severson, 113 Ill. App. 496. The judgment striking and dismissing the complaint involved on this appeal states that plaintiff take nothing by his action, and is therefore a final and appealable order.

■ ■ We agree with appellant's suggestion that the right to possession of the farm at the time the action was commenced was an essential element of his case. However, it does not follow that plaintiff had a right to proceed to trial until this right had been adjudicated. The distinctive purpose of his complaint was to obtain possession of the farm, and according to the statute under which the suit was brought, no matter not germane to such purpose could be introduced in the proceedings by joinder, counterclaim or otherwise. His notice to terminate the lease and his complaint were only ancillary to the ultimate relief sought, i. e. restoration of possession of the farm. No real controversy existed after the purpose of the litigation had been accomplished. The issue under the complaint and answer became moot, no real benefit could accrue to plaintiff, and further proceedings to adjudicate plaintiff's right to possession of a farm which had been restored to his possession became useless. Under such circumstances it is well established that issues which no longer exist will not be decided merely to set a precedent or to adjudicate costs. Wick v. Chicago Tel. Co., 277 Ill. 338, 341; People v. Village of Oak Park, 356 Ill. 154, 157; LaSalle Nat. Bank v. City of Chicago, 3 Ill.2d 375, 379. Appellant relies upon: Hickox v. Armstrong, 181 Ill. App. 107, and Daggitt v. Mensch, 41 Ill. App. 403. These cases involved liability on appeal bonds given after judgments for possession had been obtained in forcible entry actions begun in justice court. In the

instant case no such appeal bond is involved, plaintiff's action having been commenced and dismissed in the circuit court. The Daggitt case was an action of debt on such a bond, and the court affirmed a judgment of the circuit court holding that the declaration in that action was insufficient on demurrer. It was held in the Hickox case that the landlord had a right to pursue the proceedings to judgment for the purpose of fixing liability on the appeal bond for the wrongful detention of the premises, and that the tenant could not avoid liability on the bond given to protect the landlord's rent pending appeal, by surrendering possession of the premises. Those cases are not controlling under the facts involved on the appeal under consideration. We agree with the conclusion of the trial court that the issue of possession under plaintiff's complaint was terminated by defendants' removal from the farm and that after such removal the question of plaintiff's right to possession when he commenced suit became abstract and moot. The trial court did not exceed its jurisdiction in dismissing plaintiff's action.

Appellant also contends that the trial court should have vacated the judgment because his time for appeal was limited to five days and the formal order was not actually signed by the court until seven days after the court announced his decision. The abstract shows that the Circuit Court of Boone county had provided by rule that: All decrees and orders . . . shall be prepared by counsel and presented in writing to the court for approval and signature within twenty days, unless for good cause shown the court shall extend the time, and the court may within thirty days order that the same may be filed by the clerk as of the day on which the same was granted by the court. In this case the trial judge's order recites that the matter came on to be heard upon the defendants' motion to strike the

plaintiff's complaint "on this 13th day of April, A.D. 1956." The order bears no other date. It is obvious that the court intended that the order should be filed by the clerk as of the date on which the same was granted. The clerk so construed the order and filed the same on April 13. Plaintiff was not prejudiced by this action because he recognized that the court had effectively and finally disposed of his detainer action on that date, and filed his motion to vacate the judgment within 5 days thereafter.

Plaintiff is in no position in this case to complain of defendants' failure to remove their share of the silage from plaintiff's silos. His attorney was present in court on April 13 and admitted that defendants had moved from the farm and surrendered possession to plaintiff. No mention of the silage was made until May 4, when plaintiff filed his affidavits in support of his motion to vacate, and the matter was not called to the court's attention until the motion was heard on September 21. Any claims relative to the silage and any other controversies under the lease within the issues in the consolidated chancery cases are available to the parties in that litigation.

The trial court properly denied plaintiff's motions for declaratory and summary judgments as matters of course. There was no occasion for hearing or trial of these motions even though they were extensively verified and not contradicted by counter-affidavits. The court had already decided adversely to plaintiff's allegations with respect to all matters germane to this proceeding when it was adjudged that plaintiff take nothing by this action. Plaintiff's motion to vacate the judgment entered on April 13, 1956, was within the discretion of the trial court. After careful consideration of the entire record, we are satisfied that there was no abuse of discretion in the denial of plaintiff's

motion to vacate, and that the judgment of the Circuit Court of Boone county should be affirmed.

Judgment affirmed.

DOVE, P. J. and SPIVEY, J., concur.