Margeurite Barrow, Administrator of the Estate of
Dorothy Walls, Deceased, et al., Plaintiffs-Appel-
lees, v. Lonnie T. Robinson, d/b/a Sportsman's
Club, et al., Defendants. Harry Austman, Defend-
ant-Appellant.

Gen. No. 10,326.

Third District.

January 19, 1961.

Harold F. Trapp, of Lincoln, and Fellheimer & Vicars, of Pontiac, for appellant.

No appearance made by appellees.

REYNOLDS, J.

The defendant, Harry Austman, one of multiple defendants in an action brought under the Dram Shop Statute, appeals to this court from an order of the trial court denying his motion to set aside an order of default entered against him. As to the other defendants, the cause is pending on the pleadings. The complaint

was filed and on February 19, 1958, the defendant Austman was served with process of summons by the sheriff of Livingston County. On March 20, 1958, plaintiff filed her motion for order of default against the defendant Austman. On March 26, 1958, the trial court entered an order finding that due service was had on the defendant Austman; that he had not entered any appearance and had not filed an answer; that he was not in the military service of the United States; that the court had jurisdiction of the defendant Austman and of the subject matters of the suit; that a default be taken against said defendant; that the complaint be taken as confessed against him, and continued the matter for hearing to the May 1958 term of court. On May 6, 1958, defendant Austman filed his motion to set aside the order of default. On February 25, 1960, the motion was denied. From the order denying the motion to set aside the default defendant Austman appeals to this court.

 Section 77 of the Civil Practice Act, Chapter 110, Illinois Revised Statutes (1959) provides for appeal to the Appellate or Supreme Court to review final judgments, orders or decrees of the circuit court. The judgment, order or decree to be appealable must be final. Village of Niles v. Szczesny, 13 Ill.2d 45, 147 N.E. 2d 371. If the judgment, order or decree is not final, the Appellate Court is without jurisdiction to review. In order to be appealable, an order, judgment or decree must contain language to the effect that plaintiff take nothing or that defendant go hence without day. Case v. Rewerts, 15 Ill.App.2d 1, 145 N.E.2d 251. A final order or judgment is defined as one which disposes of the merits of the case and the rights of the parties either on the entire controversy or on some separate and definite branch thereof, so that, if affirmed, the trial court has only to proceed with the execution of the judgment. Johnson v. City of Rockford, 26 Ill.App.

2d 133, 169 N.E.2d 534. The entry of an order defaulting a defendant is not a final judgment from which an appeal lies. Hess v. The People ex rel. Miller, 84 Ill. 247, 249. While an order defaulting a defendant is not a final judgment and therefore not appealable, where, after default, damages are assessed and final judgment entered an appeal lies therefrom. Vol. 2, Appeal and Error, Section 172, Illinois Law and Practice.

■■ Where there are multiple parties, as here, Section 50(2), Civil Practice Act, Chapter 110 Illinois Revised Statutes (1959) provides: "If multiple parties or multiple claims for relief are involved in an action, the court may enter a final order, judgment or decree as to one or more but fewer than all of the parties or claims only upon an express finding that there is no just reason for delaying enforcement or appeal. In the absence of that finding, any order, judgment or decree which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not terminate the action, is not enforceable or appealable, and is subject to revision at any time before the entry of an order, judgment or decree adjudicating all the claims, rights and liabilities of all the parties." Here there was no such finding. There was no final order or judgment as to the defendant Austman or the other defendants. This section of the Civil Practice Act prevents piecemeal appeals. Hanley v. Hanley, 13 Ill.2d 209, 148 N.E.2d 792. In the absence of such finding that there is no just reason for delaying appeal, an appeal must be dismissed. Ariola v. Nigro, 13 Ill.2d 200, 148 N.E.2d 787. An order quashing a writ of attachment and leaving for determination the primary question of liability is not final and appealable under the provisions of Section 50(2) of the Civil Practice Act, in the absence of an express finding by the trial court that there is no just reason for delaying an appeal until the disposition of the other matters involved.

361

Smith v. Hodge, 13 Ill.2d 197, 148 N.E.2d 793; Bohannon v. Ryerson & Sons, Inc., 15 Ill.2d 470, 155 N.E.2d 585.

It seems clear here that the appeal is premature. There was no final order entered, and the case being one of multiple parties and therefore under the provisions of Section 50(2) of the Civil Practice Act, in the absence of an order of the trial court finding that there is no just reason for delaying enforcement or appeal, the order of the trial court denying the motion of the defendant Austman to set aside the order of default and for leave to plead, is not appealable. For the reasons stated the appeal is dismissed at defendant Austman's costs.

Appeal dismissed.

CARROLL, P. J. and ROETH, J., concur.