PATRICK STRADER, a Minor by His Mother and Next Friend, Venita Strader, Plaintiff-Appellee, *v.* CHRYSLER CORPORATION *et al.*, Defendants-Appellants.

(No. 72-41;

Fifth District—January 30, 1973.

Charles M. Whealon, of East St. Louis, and Reed, Armstrong, Gorman and Coffey, of Edwardsville, both for appellants.

Pratt & Mosele, Ltd., of East Alton, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

Defendants Chrysler Corporation and Frank Huff appeal from an order of the trial court granting plaintiff's motion filed under sec. 72 of the Civil Practice Act (Ill. Rev. Stat., ch. 110, sec. 72), which vacated a prior order dismissing plaintiff's complaint and cause of action.

Plaintiff's complaint was filed on February 29, 1968 and sought damages against defendants, Chrysler Corporation, Cassens and Sons, Inc. and Frank Huff and Bobby Strader, a partnership. On May 2, 1968 defendants Huff and Strader filed interrogatories propounded to the plaintiff and these were answered. On May 12, 1970 defendant Cassens and Sons, Inc. filed interrogatories propounded to plaintiff but these were not answered. On March 16, 1971 defendant Cassens and Sons, Inc. filed a motion to dismiss the complaint or in the alternative compel plaintiff to answer the interrogatories. Plaintiff made no response to this motion and on March 25, 1971 the court entered an order on plaintiff to answer the interrogatories of Cassens and Sons, Inc., providing that: "Plaintiff's failure to comply with this order shall result in his complaint being dismissed as to Cassens and Sons, Inc. on March 29, 1971 without further notice. Copies to all parties." The plaintiff made no response to

this order and on April 1, 1971, without further notice, this order ensued:
"Plaintiff having failed to comply with the order of this court entered on 3/25/71 to answer interrogatories and comply with motion to produce,

It is hereby ordered and adjudged that plaintiff's complaint and cause of action is hereby dismissed."

On October 20, 1971 plaintiff filed a "Motion to Vacate Order Relative to Dismissal of Chrysler Corporation and Frank Huff" pursuant to sec. 72 of the Civil Practice Act. (The record does not disclose how the defendant Frank Huff was substituted for defendants Frank Huff and Bobby Strader, a partnership.) The motion was neither verified nor accompanied by any affidavit. It alleged that the order of April 1 which dismissed the complaint as to all defendants was founded upon the order of March 25 and that the order of March 25 pertains to a motion filed by Cassens and Sons, Inc., and no other defendants, and expressly provides that failure to comply with its provisions for answering interrogatories will result in dismissal as to Cassens and Sons, Inc. only. The motion further alleged that the court was in error in dismissing plaintiff's complaint as to defendants Chrysler Corporation and Frank Huff since there was "no order to produce or interrogatories to answer filed by either Chrysler Corporation or Frank Huff, which were unanswered on the date the order was entered." The motion concluded with a prayer that the order of dismissal of April 1 be vacated as to defendants Chrysler Corporation and Frank Huff.

Neither of the respondents to the motion filed a motion to strike or answer it. Although a hearing was held at which all parties were represented by counsel no evidence was taken and it was apparently limited to argument.

Following the hearing the court entered an order in which it found that its order of April 1 was entered pursuant to and as a result of the order of March 25, that counsel for defendants represented to the court that at the time of the entry of the order of April 1 the court was advised by counsel that the order of March 25 called for a dismissal only as to defendant Cassens but the court nevertheless entered the order dismissing the entire cause. The court also found that the order of April 1 was improvidently entered, the plaintiff was entitled to rely on the order of March 25 and assume that the dismissal order, when and if entered, would be only as to defendant Cassens, although plaintiff did receive a copy of the order of April 1 which was entered as to him ex-party. It was further recited that it appears from the file, and is not disputed, that as to defendants Chrysler Corporation and Frank Huff, the plaintiff had complied with all discovery proceedings and was in good standing.

The order concluded with the provision that the order of April 1 be vacated and held for naught as to defendants Chrysler Corporation and Frank Huff.

Despite the fact that defendants appear to be inadvertent beneficiaries of the "improvidently entered" court order, they appeal its vacation contending (1) that the sec. 72 petition was neither verified nor contained other appropriate showings as to matters not of record, as required by the rule, and therefore the court was without jurisdiction to consider the petition, (2) a sec. 72 petition is limited in its scope to the presentation of matters not appearing of record and since the matters presented here all appear on the face of the record the sec. 72 petition is unavailing to plaintiff and (3) the plaintiff has failed to show that the intervention of the error of fact did not occur as a result of his own negligence or neglect and he has therefore failed to demonstrate his entitlement to the relief granted.

■■■ It is true, as defendants state, that the sole foundation for the motion pertains to matters wholly of record in the case. This is the precise reason why their objection to the lack of verification or supporting affidavit is not well taken. Sub-section (2) of Rule 72 provides that only petitions pertaining to matters not of record need the support of an affidavit or other appropriate showing. Not only is this the express wording of the rule, it is manifest that an "affidavit or other showing" will not add verity to the court's own record. No further substantiation is needed. But notwithstanding, this court has held that where a motion filed under sec. 72 is not verified and the respondent thereto fails to question its sufficiency in the trial court, the objection is waived. *Kuhl v. Yates*, 123 Ill.App.2d 315, 259 N.E.2d 355, (abstract decision).

■■ Defendants also take the position that the use of a sec. 72 petition is limited to the showing of matters not of record which, had the court been aware, it would not have entered the judgment or decree in question, and since the petition here is based solely on matters of record it will not lie. But use of a sec. 72 petition is not so limited in Illinois practice. (See *Ellman v. DeRuiter*, 412 Ill. 285, 106 N.E.2d 350.) Although ordinarily used for such purposes sec. 72 petitions are by no means limited to the presentation of newly discovered facts. The rule expressly states that it is to supplant certain enumerated writs and proceedings in both common law and equity and provides that all relief heretofore available by any of those enumerated remedies or otherwise shall be available in every case by the sec. 72 proceeding. It has been utilized to grant relief from errors or mistakes of the trial court which are apparent upon the face of the record, irrespective of any question of errors of fact, in proceedings at law (*Stanley v. Bank of Marion*, 23 Ill.2d 414,

178 N.E.2d 367), in cases of equity, (*Collins v. Collins,* 14 Ill.2d 178, 151 N.E.2d 813), and in criminal cases. (*People v. Stewart,* 3 Ill.App.3d 699, 279 N.E.2d 53; *People v. Greene,* 92 Ill.App.2d 201, 235 N.E.2d 295.) Plaintiff's use of the motion under sec. 72 in this case was proper.

■■ By failing to file a motion to strike or an answer to plaintiff's petition, and by failing to offer any evidence upon the matter, the defendant must be deemed to have waived the question of the neglect or failure of the plaintiff to show that the intervention of the error was due to his own negligence. (*Smith v. Pappas,* 112 Ill.App.2d 129, 251 N.E.2d 390; *Wilson v. Wilson,* 56 Ill.App.2d 187, 205 N.E.2d 636.) In its order vacating the dismissal as to defendants the trial court found, we think properly so, that the plaintiff was entitled to rely upon the recital in the order of March 25 that the case would be dismissed only as to Cassens and Sons, Inc. While that order also recites that the plaintiff received a copy of the order of April 1 there is nothing in the record to show when plaintiff or his attorney received the copy of the order or became aware of its existence and scope, and defendants have not furnished any information in that regard.

■■■ The petition for relief from the judgment in question was addressed to the sound discretion of the trial court. Since we do not find that the trial court has abused its discretion in its order vacating the dismissal of plaintiff's complaint as to the defendants Chrysler Corporation and Frank Huff that order will be affirmed.

Affirmed.

G. MORAN, P. J., and CREBS, J., concur.