CARL KLEHM, d/b/a CHARLES KLEHM AND SON NURSERY, Plaintiff-Appellee, *v.* M. SUSON & ASSOCIATES, INC., *et al.*, Defendants-Appellants.

(No. 59240;

First District (4th Division)—September 25, 1974.

*Rehearing denied October 24, 1974.*

Gordon, Reicin, West and Rosenblum, of Chicago (David M. Mattenson, of counsel), for appellants.

Chatz, Sugarman & Abrams, of Chicago (Joel A. Haber and Michael H. Berman, of counsel), for appellee.

Mr. JUSTICE BURMAN delivered the opinion of the court.

This is an appeal by the defendants from an order of the circuit court granting plaintiff's petition to reinstate his lawsuit after it had been dismissed for want of prosecution.

The plaintiff filed an action in the law division of the circuit court on August 30, 1967. In his complaint he alleged that there was due from M. Suson & Associates, Inc., for labor, materials and services furnished, the amount of $14,131.76. Morrie Suson answered on October 13, 1967, stating that because of plaintiff's failure to perform and because of defective materials shipped to him by plaintiff he sustained damages exceeding the amount of the plaintiff's claim.

Various pre-trial procedures were thereafter conducted while the suit was pending in the law division. On November 24, 1967, a notice was served by the plaintiff for the purpose of taking the deposition of Morrie Suson. On March 19, 1968, a motion was made by the plaintiff reciting that Suson had failed to appear on several dates for deposition and requesting that the defendant's answer be stricken and that a default judgment be entered against the defendant for that reason. An order was entered the same day requiring Suson to appear for deposition on April 18, 1968. On August 7, 1968, in response to the plaintiff's motion

that the defendant file a bill of particulars to clarify its answer, the court ordered that the plaintiff file an amended complaint and the defendant an amended answer. An order was entered June 10, 1970, granting leave to the plaintiff to add Morrie Suson as a party defendant. A summons was issued for Suson on June 12, 1970. The amended complaint was filed by the plaintiff on July 16, 1970, and the defendants' answer to the amended complaint followed on July 20, 1970.

On August 31, 1970, the chief judge of the circuit court of Cook County ordered that all cases presently pending in the law division of the circuit court having an ad damnum of $15,000 or less be transferred to the municipal division of the court. The cause was thereafter dismissed for want of prosecution on December 10, 1970. On April 2, 1973, 2 years and 4 months later, the plaintiff served notice that he would appear on April 10, 1973, to present a petition to vacate the order of dismissal pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 72). The motion to vacate alleged that the plaintiff received no notice of the transfer of the case by the chief judge from the law division to the municipal division. It further alleged that a partner in the law firm handling the case for the plaintiff and who was charged with the responsibility of following the status of the case had withdrawn from the firm, and that the petitioner was unaware that the case had been dismissed until April 1, 1973. Pursuant to plaintiff's petition, the order of dismissal was vacated and the cause was reinstated and set for hearing on April 16, 1973.

On the above date, an order was entered granting the law firm of Gordon, Reicin, West & Rosenblum leave to file its appearance as associate counsel for the defendants. A petition was then filed by that firm on May 3, 1973, to vacate the order of April 10 reinstating the cause for trial. The petition alleged that the plaintiff's petition of April 10 relied on section 72 of the Civil Practice Act, and that the petition was not argued on its merits, and that if it were it could not be sustained because the plaintiff failed to provide affidavits or to otherwise show due diligence in prosecuting his claim as required by section 72. It further alleged that the plaintiff was not entitled as a matter of law to have the case reinstated because the April 10 petition was filed more than two years after the entry of the order of December 10, 1970, dismissing the cause, in contravention of section 72(3) which sets 2 years as the maximum time period for section 72 relief. On May 3, 1973, Judge Charles P. Horan, the same judge who had entered the original order dismissing the case for want of prosecution, and who had later reinstated it on April 10, 1973, denied the defendants' petition seeking to vacate the order reinstating the cause for trial.

The defendants reassert on appeal that the April 10, 1973 order reinstating the cause for trial is void as a matter of law since the plaintiff applied for relief under section 72 after the statutory period for such relief had expired. Subsection (3) of section 72 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 72(3)) recites:

> "The petition must be filed not later than 2 years after the entry of the order, judgment or decree. Time during which the person seeking relief is under legal disability or duress or the ground for relief is fraudulently concealed shall be excluded in computing the period of 2 years."

It is further reasserted that section 72 relief should have been denied because the plaintiff failed to allege and affirmatively show due diligence in prosecuting and following his claim.

■■ We first note that a petition under section 72 to vacate a dismissal of a cause is always addressed to the equitable powers of the court and only where there is an abuse of discretion will the reviewing court interfere. (*Stackler v. Village of Skokie*, 53 Ill.App.2d 417, 203 N.E.2d 183.) In *Ellman v. De Ruiter*, 412 Ill. 285, 106 N.E.2d 350, the supreme court announced the broad rule applicable to section 72 petitions as follows:

> "[I]t is our belief that the motion may, under our present practice, be addressed to the equitable powers of the court, when the exercise of such power is necessary to prevent injustice." 412 Ill. at 292, 106 N.E.2d at 353-54.

And although we agree with the defendants that the two year statute of limitations on section 72 petitions has been considered mandatory by the Illinois courts (*Mathews v. Atlas Liquors, Inc.*, 132 Ill.App.2d 608, 270 N.E.2d 453), this time limitation does not apply to void orders. (*Weiner v. Checker Taxi Co.*, 124 Ill.App.2d 401, 260 N.E.2d 439. Section 72 itself provides, in subsection (7):

> "Nothing contained in this section affects any existing right to relief from a void order, judgment or decree, or to employ any existing method to procure that relief."

The trial judge's apparent decision was that due to the confusion generated by the transfer of the case without actual notice to the parties or to their attorneys deprived the court of jurisdiction to dismiss the case, and that therefore relief was not precluded by the time limitation contained in section 72(3). Judge Horan, in denying the defendants' petition to vacate the order reinstating the cause for trial, stated:

> "[T]his is a case originally filed in the Law Division and it was pending there from 1967, to August 31, 1970, and * * * on that date the case with some other 8500 cases was transferred

to the Municipal Division, and the record is clear that no notice was sent to the lawyers or the parties in this lawsuit;  *  *  * such transfer was made by the Court, while its true that a general notice of the transfer of this and other cases appeared in the Law Bulletin, yet, it is this Court's feeling that the general notice and announcement was not sufficient to put the lawyers on notice in this particular case  *  *  *,"

Under the peculiar circumstances presented here, we affirm the trial judge's decision.

The record clearly establishes that without actual notice to the plaintiff or his attorneys an order was entered on August 31, 1970, ordering all cases having an ad damnum of $15.000 or less than pending in the law division transferred to the municipal division of the circuit court. When the matter, now on the municipal division docket, was called for trial on December 10, 1970, neither the plaintiff nor the defendants appeared, and the case was dismissed for want of prosecution. It is undisputed that the only notice of the transfer was a general notice by publication in the Chicago Daily Law Bulletin, and it seems clear that neither party had any actual knowledge of the transfer since both failed to appear in the municipal division on the day the case was called for trial. A glance at the file of the case on the dismissal date would clearly have indicated that this was a contested matter and that the parties failure to appear was due to the fact that they were waiting for a trial date to be set by the court in the law division and not in the municipal division.

In *Storm v. Ben-Lee Motor Service Co.*, 11 Ill.App.3d 516, 298 N.E. 2d 315, similar confusion resulted in an ex parte judgment, which the defendant succeeded in having vacated pursuant to a petition under section 72. Although there the petition was filed within 2 years, the appellate court, in finding no abuse of discretion in the trial judge's decision to vacate the judgment, commented, as we do here, that the courtesy of a phone call could have prevented the needless occurrence of one party losing its right to litigate under the circumstances. We further note that in the case at bar the defendants did not appear in court when the case was called for trial and, had the plaintiff's counsel appeared, there may have been an ex parte judgment entered against the defendants. The shoe would then uncomfortably have been on the other foot.

As we have stated, the same judge who entered all of the aforementioned orders held that no notice of the transfer of the case had been sent to the lawyers or the parties to the suit and that the general notice appearing in the Law Bulletin was not sufficient to put the law-

yers on notice of the change. We uphold his decision to reinstate the cause since the confusion generated by the transfer without actual not ce to the parties or to their attorneys deprived the court of jurisdiction to dismiss it. Lapse of time does not affect the right to make a motion to expunge a judgment when the court, as in the peculiar circumstances of the case at bar, did not acquire jurisdiction to enter it. (*Sherman & Ellis, Inc. v. Journal of Commerce & Commercial Bulletin*, 259 Ill.App. 453.) In view of our decision, the issue raised by the defendants of plaintiff's failure to demonstrate due diligence is not determinative (*Oak Park National Bank v. Peoples Gas Light & Coke Co.*, 46 Ill.App.2d 385, 197 N.E.2d 73), and considering what occurred, we reject that argument in any event. The plaintiff filed his notice to vacate the order of dismissal promptly upon discovering that such an order was issued.

In sum, we hold that the trial judge was justified in denying the defendants' motion to vacate the reinstatement of the case and in allowing the plaintiff the opportunity to vindicate his substantive rights. See Ill. Rev. Stat. 1971, ch. 110, par. 4.

Affirmed.

ADESKO, P. J., and DIERINGER, J., concur.