JEAN HEIZMAN, Plaintiff-Appellant, *v.* THE CITY OF CHICAGO *et al.,* Defendants-Appellees.

(No. 59120;

First District (1st Division)—October 21, 1974.

Robert Q. Hoyt, of Chicago (Philip J. Rock, of counsel), for appellant.

Jesmer and Harris, of Chicago (Chester L. Harris, Robert D. Jesmer, and Charles E. Tannen, of counsel), for appellees.

Mr. JUSTICE HALLETT delivered the opinion of the court:

The plaintiff was injured on May 21, 1968, when, in getting out of a taxicab near the entrance to the Chicago Merchandise Mart, she struck her head on a beam projecting from the Wells Street bridge superstructure. Her original complaint, filed in 1969, was stricken and her case dismissed on March 17, 1972, for her failure and refusal to comply with a court order that she give her deposition on February 17, 1972. No appeal was ever taken from that order.

Instead, on January 21, 1973, she filed another complaint, identical with the first, except that it also set out said dismissal (which it alleged as for want of prosecution) and said refiling which, it alleged, was "within one year as provided by statutes." The defendant Cab Company, attaching a copy of the 1972 order, moved for a dismissal on the ground that the prior dismissal was entered as a sanction for the plaintiff's failure to give her discovery depositions and was a bar to the subsequent suit. The City of Chicago moved to dismiss on the same ground, plus that the action was not brought within 1 year after the action accrued, as provided in the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1971, ch. 85, par. 8—101).

On February 14, 1973, the trial court dismissed the second suit on the

ground that the earlier judgment constituted a bar to the bringing of the subsequent action, and this appeal followed.

The sole point raised by plaintiff is as follows:

"UPON DISMISSAL OF A COMPLAINT FOR FAILURE TO APPEAR FOR A DEPOSITION PLAINTIFF MAY REFILE THE COMPLAINT WITHIN ONE YEAR AND THE PRIOR DISMISSAL DOES NOT OPERATE AS A BAR TO THE RE-FILED COMPLAINT."

We disagree and affirm.

Supreme Court Rule 219(c)(v) (50 Ill.2d R. 219 (c)(v)), in pertinent parts, provides as follows:

"Rule 219. Consequences of Refusal to Comply with Rules or Order Relating to Discovery or Pretrial Conferences

\* \* \*

(c) *Failure to Comply with Order or Rules.* If a party, or any person at the instance of or in collusion with a party, unreasonably refuses to comply with any provision of Rules 201 through 218, or fails to comply with any order entered under these rules, the court, on motion, may enter, in addition to remedies elsewhere specifically provided, such orders as are just, including, among others, the following:

\* \* \*

(v) that, as to claims or defenses asserted in any pleading to which that issue is material, a judgment by default be entered against the offending party or that his suit be dismissed with or without prejudice."

Supreme Court Rule 273 (50 Ill.2d R. 273) provides as follows:

"Rule 273. Effect of Involuntary Dismissal

Unless the order of dismissal or a statute of this State otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits."

In the case at bar the dismissal was entered as a penalty for failure to give a discovery deposition, it was "involuntary" and it did not "otherwise specify," nor was it for "lack of jurisdiction," or for "improper venue" or for "failure to join an indispensable party." It was therefore "an adjudication upon the merits" and a bar to the present action unless, as plaintiff here contends, said dismissal was a dismissal "for want of prosecution" within the meaning of that term as used in section 24 of the Limitations Act (Ill. Rev. Stat. 1971, ch. 83, par. 24a).

That statute provides as follows:

"§ 24. In the actions specified in this Act or any other act or contract where the time for commencing an action is limited, if judgment is given for the plaintiff but reversed on appeal; or if there is a verdict for the plaintiff and, upon matter alleged in arrest of judgment, the judgment is given against the plaintiff; or if the plaintiff is nonsuited, *or the action is dismissed for want of prosecution* then, whether or not the time limitation for bringing such action expires during the pendency of such suit, the plaintiff, his heirs, executors or administrators *may commence a new action within one year or within the remaining period of limitation, whichever is greater,* after such judgment is reversed or given against the plaintiff, or after the plaintiff is nonsuited *or the action is dismissed for want of prosecution.*" (Emphasis ours.)

The only cases cited by plaintiff in support of her position are *Mages Sports Arenas, Inc. v. Winston Park Shopping Center, Inc.,* 112 Ill.App. 2d 409, 251 N.E 2d 334; and *Keilholz v. Chicago & North Western Ry. Co.,* 10 Ill.App.3d 1087, 295 N.E.2d 561.

*Mages,* cited in *Keilholz,* is readily distinguishable in that it was just a run-of-the-mill dismissal for want of prosecution.

In *Keilholz* the trial court ordered the plaintiff to appear in person at a second pretrial conference and, when she failed to do so, dismissed her suit on that ground. No appeal was taken and, as here, a second suit was filed. The trial court dismissed the second suit on the statute of limitations and the plaintiff appealed, contending, as here, that section 24a permitted the refiling of the action within 1 year of the dismissal.

And, as plaintiff points out, this court, one justice dissenting, did reverse, taking the position that such penalties.

"are essentially penalties 'for want of prosecution' within the meaning of Section 24a."

Our supreme court granted leave to appeal and has recently, Nos. 45886, 45888 cons., March Term, 1974, reversed the judgment of this court and affirmed the judgment of the circuit court, saying, through Mr. Justice Schaefer:

"We do not agree with this interpretation. There is a sense in which every procedural rule and sanction, if it is viewed from a sufficiently remote perspective, may be said to be designed to expedite the prosecution of cases. But the focus of section 24 is narrow. It states with precision the four types of orders with which it is concerned, and a dismissal for failure to comply with an order of the court is not one of them. As Justice Stamos pointed

out in his dissent, if all dismissal orders entered under Rule 219 for failure to comply with discovery and pretrial conference orders are to be considered as dismissals for want of prosecution under section 24, the result would be to eliminate the most effective sanction for the disregard of those orders. In our opinion the General Assembly did not intend, by the plain language of section 24, to accomplish that result."

In our view, *Keilholz* applies here and dictates that we affirm the judgment of the trial court dismissing the refiled complaint and plaintiff's action.

Judgment affirmed.

EGAN, P. J., and BURKE, J., concur.