VERNON E. WILLIAMS, Plaintiff-Appellee, *v.* A. E. STALEY
MANUFACTURING COMPANY, Defendant-Appellant.

Fifth District   No. 79-104

Opinion filed February 4, 1980.—Rehearing denied March 6, 1980.

KARNS, J., dissenting.

Vincent J. Hatch, of Donovan, Hatch & Constance, of Belleville, for appellant.

Hillary H. Hallett, of Alton (Sidney Z. Karasik, of counsel), for appellee.

Mr. PRESIDING JUSTICE JONES delivered the opinion of the court:

This is an appeal by A. E. Staley Manufacturing Company (Staley) from an order of the circuit court of Madison County vacating a previous order dismissing plaintiff Vernon E. Williams' action for personal injuries against it, and reinstating plaintiff's cause.

Plaintiff Williams filed an action against Staley on October 31, 1977. On January 26, 1978, plaintiff filed an amended complaint seeking damages for personal injuries he allegedly sustained from a fall at Staley's building in Decatur, Illinois, while he was working there for an independent contractor. On March 1, 1978, Staley filed an answer to plaintiff's amended complaint. Staley also filed written interrogatories and a request to produce certain documents, objects and tangible items. Defendant had filed identical interrogatories and a request to produce on December 7, 1977, in response to plaintiff's initial complaint.

On April 7, 1978, plaintiff filed answers to the interrogatories but did not respond to Staley's request to produce. On August 31, 1978, still having received no production from plaintiff, Staley filed a motion to dismiss plaintiff's complaint. This motion was allowed and the court

entered an order dismissing plaintiff's cause on September 12, 1978. The order directed the clerk of the court to mail copies of the order to the parties' attorneys. A minute record notation of the following day indicates that copies were so mailed.

Seventy-nine days after the entry of the judgment dismissing plaintiff's cause, plaintiff filed a motion to set aside the order and reinstate his cause of action. This motion, which was neither verified nor supported by affidavits, alleged that at the time of the order dismissing his cause the compliance with Staley's request to produce had been prepared but through some inadvertence had not been mailed. Staley filed objections to the motion to reinstate asserting that since 30 days had elapsed from the entry of the involuntary dismissal order, it was final and not subject to being amended or set aside. On December 27, 1978, the circuit court entered an order over Staley's objection granting plaintiff's motion to reinstate.

Subsequently, on January 3, 1979, plaintiff filed a verified motion to amend the form of the September 12, 1978, order of dismissal. The proposed amendment would have changed the order to indicate that the dismissal was entered without prejudice, in supposed conformity to the "usual and customary manner of the Court" in issuing such dismissals. The motion indicated further that although a copy of the dismissal order was mailed to his counsel on September 13, 1978, he did not receive it and was unaware of the dismissal until mid-November 1978 when he was informed about it by Staley's attorney. On January 19, 1979, Staley filed a notice of appeal from the December order vacating the judgment of dismissal and reinstating plaintiff's cause. No further action was taken with respect to plaintiff's January 3, 1979, motion to amend.

Both parties apparently assume that the order setting aside the dismissal and reinstating plaintiff's cause is appealable to this court under Supreme Court Rule 304(b)(3) (Ill. Rev. Stat. 1977, ch. 110A, par. 304(b)(3)), which provides for appeals from judgments or orders granting or denying relief prayed for in a petition under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 72). We find this assumption to be erroneous.

● ■ While it is true that section 72 provides a simple method for obtaining various forms of relief from a final order or judgment beyond 30 days from its entry (*Reich v. Breed* (1979), 70 Ill. App. 3d 838, 388 N.E.2d 994; *David Plywood & Lumber Co. v. Sloan* (1977), 52 Ill. App. 3d 71, 367 N.E.2d 101), the fact that one files a motion seeking such relief beyond the 30-day period does not automatically transform the motion into a section 72 petition. A petition seeking relief from a final judgment under section 72 must be supported by affidavit or other appropriate showing as to matters not of record. (*Wayne v. Thompson* (1974), 18 Ill. App. 3d

908, 310 N.E.2d 789; Ill. Rev. Stat. 1977, ch. 110, par. 72(2).) Although plaintiff's motion to set aside the order of dismissal sought to rely on matters beyond the record, it was not supported by affidavit or any other appropriate showing, such as verification (see generally *Coronet Insurance Co. v. Jones* (1977), 45 Ill. App. 3d 232, 359 N.E.2d 768). It was insufficient as a section 72 petition, and consequently we cannot find this appeal from the order allowing it to be an appeal from an order granting "relief prayed in a petition under section 72 of the Civil Practice Act" (Ill. Rev. Stat. 1977, ch. 110A, par. 304(b)(3)).

■ Moreover, we note that even if plaintiff's motion had been verified or supported by affidavit, it would have been insufficient to show due diligence—one of the requisites for section 72 relief (*Bailey v. Twin City Barge & Towing Co.* (1979), 70 Ill. App. 3d 763, 388 N.E.2d 789; *Reich v. Breed*). Plaintiff's motion averred that his compliance with the request to produce had been prepared by the time of the dismissal but through inadvertence had not been mailed out by counsel. Although inadvertence of counsel does not necessarily excuse a default or bar its vacation (*Reich v. Breed; Mieszkowski v. Norville* (1965), 61 Ill. App. 2d 289, 209 N.E.2d 358), other facts of record when combined with this inadvertence would have precluded a finding that plaintiff acted with due diligence in complying with the request to produce or in pursuing post-judgment relief. The record shows that plaintiff was served by mail with the motion to dismiss for failure to comply with the request to produce several weeks before the cause was dismissed and three months before he filed his compliance and the motion to set aside the dismissal. Plaintiff never asserted that he did not receive a copy of the motion to dismiss, and the motion itself clearly showed that plaintiff's cause was under attack for his failure to comply with discovery. Despite his apparent awareness of the discovery problem and the state of his cause, plaintiff made no attempt to keep abreast of the court's actions on the motion and did not file his compliance to the request to produce until months after the dismissal. Such actions belie a claim of due diligence. Rather, they indicate omissions on the part of counsel for which plaintiff is held accountable (*Reich v. Breed; Danforth v. Checker Taxi Co.* (1969), 114 Ill. App. 2d 471, 253 N.E.2d 114). It is not section 72's intent to excuse one from the consequences of his own negligence (*Reich v. Breed; Esczuk v. Chicago Transit Authority* (1968), 39 Ill. 2d 464, 236 N.E.2d 719); consequently, under these facts plaintiff would not have been entitled to section 72 relief even if he had filed a properly supported petition.

Since the present order is not appealable under Supreme Court Rule 304(b)(3) (Ill. Rev. Stat. 1977, ch. 110A, par. 304(b)(3)), we must determine whether the order is otherwise appealable. The general rule is that only final judgments or orders are appealable, unless the particular

judgment or order comes within one of the specified exceptions set forth in the Supreme Court Rules. (*Mexicali Club, Inc. v. Illinois Liquor Control Com.* (1976), 37 Ill. App. 3d 797, 347 N.E.2d 190; *Browning v. Heritage Insurance Co.* (1974), 20 Ill. App. 3d 622, 314 N.E.2d 1.) Neither of the parties assert that the present order vacating the dismissal falls within any of the exceptions in the Rules, and our examination of the record also convinces us that no exception is involved. The question remains whether this order is appealable as a final order.

A final order for purposes of appeal is an order which disposes of the rights of the parties, either upon the entire controversy or upon some definite and separate part of it. (*South Chicago Community Hospital v. Industrial Com.* (1969), 44 Ill. 2d 119, 254 N.E.2d 448; *Oak Brook Bank v. Citation Cycle Co.* (1977), 45 Ill. App. 3d 1053, 360 N.E.2d 458.) The general rule, at least when the motion to vacate is made within 30 days of the entry of judgment, is that a trial court's order vacating a prior judgment is not appealable because it leaves the merits of the case pending and, therefore, is not a final order. (*Petersen Brothers Plastics, Inc. v. Ullo* (1978), 57 Ill. App. 3d 625, 373 N.E.2d 416; *E.M.S. Co. v. Brandt* (1968), 103 Ill. App. 2d 445, 243 N.E.2d 695.) The facts of our case, however, present the question whether such an order is appealable if the motion to vacate is made after the prior judgment has become final and without obtaining jurisdiction in the trial court through section 72 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 72).

There is a line of old cases of our supreme court which appears to indicate that an order setting aside a prior judgment is interlocutory and nonappealable even if it was entered by a court without jurisdiction after the prior judgment has become final. (See *City of Park Ridge v. Murphy* (1913), 258 Ill. 365, 101 N.E. 524; *Walker v. Oliver* (1872), 63 Ill. 199; *Cook v. Wood* (1860), 24 Ill. 295.) However, we have traced this rule to its source and have discovered that the case which is cited as the seminal authority for this rule, *Cook v. Wood* (1860), 24 Ill. 295, did not decide the issue before us or establish such a rule. The pronouncements of the "later" cases (*Walker* and *Murphy*) were grounded in a misreading of *Cook*, and under these circumstances, we cannot say that such a rule of nonappealability was ever the law with respect to cases similar to the one at bar. We certainly do not deem these cases to be controlling here.

In *City of Park Ridge v. Murphy*, defendant Murphy, more than a year after judgment, made a motion in the trial court to set aside a default and vacate a judgment of confirmation on his land. The motion was granted and on review the supreme court dismissed the city's appeal from the order and citing *Walker v. Oliver*, stated:

> "Where a defendant makes a motion to set aside a default and vacate a judgment * * * [and] when the motion is allowed, and

the judgment is set aside merely for the purpose of allowing the party to interpose a defense, the order is interlocutory and an appeal will not lie therefrom. [Citation.]" (258 Ill. 365, 366, 101 N.E.2d 524, 524-25.)

The court went on to suggest that the only remedy available to one who wishes to question the court's action is to preserve the error and pursue it on appeal if necessary after the controversy has been finally determined.

*Walker v. Oliver* involved an appeal from an order setting aside a default judgment which was entered at a term subsequent to that in which the default and judgment was entered. The court held that the appeal was premature and stated, relying on *Cook v. Wood*, that:

"When the cause is again tried, and a final judgment entered, an appeal or writ of error will lie, on which it can be assigned as error setting aside this judgment at a term subsequent to the one at which it was rendered." 63 Ill. 199, 200.

Despite the fact that the court in *Walker* believed that *Cook* held that an order setting aside a default' at some subsequent term was nonappealable until the cause was again tried, *Cook* did not so hold. Although in *Cook* the appellant coincidentally did not appeal until after a second judgment, the court did not decide whether an earlier appeal would have been prohibited. The sole issue decided by *Cook* was whether the circuit court had power "to set aside a judgment regularly entered by default against the defendants, on motion made for such purpose, at a term subsequent to the term at which the default was entered." (24 Ill. 295, 296.) No issue of appealability was decided, and the *Walker* court was wholly unwarranted in attempting to read a rule of appealability into the *Cook* decision.

In contrast to the apparent harsh rule of *Walker v. Oliver*, several recent cases have held that an order vacating a dismissal is final and appealable if the trial court did not have jurisdiction to enter the order vacating judgment. *Underwood v. Yellow Cab Co.* (1971), 131 Ill. App. 2d 449, 268 N.E.2d 254; see also *Petersen Brothers Plastics, Inc. v. Ullo* (1978), 57 Ill. App. 3d 625, 373 N.E.2d 416.

In *Underwood v. Yellow Cab Co.*, the plaintiff's cause of action was dismissed for want of prosecution when plaintiff's attorney failed to appear for trial. Within 30 days, plaintiff filed a motion to vacate the dismissal, but this motion was denied when plaintiff's counsel failed to appear at the hearing on the motion. Plaintiff then filed a second motion to vacate, 53 days after dismissal, which was subsequently granted. The defendant appealed from the order vacating the dismissal and reinstating plaintiff's cause, and on appeal plaintiff asserted that the order was not final and appealable. The court, however, held the order appealable, stating:

"Plaintiff contends that the order vacating the dismissal is not a final and appealable order, citing such cases as *Barrow v. Robinson*, 28 Ill. App. 2d 358, 171 N.E.2d 663. This principle applies however only when the court has jurisdiction to enter an order vacating judgment. It does not apply where the judgment is void." 131 Ill. App. 2d 449, 452, 268 N.E.2d 254, 256.

The *Underwood* rule of appealability was subsequently acknowledged by the court in *Petersen Brothers Plastics, Inc. v. Ullo*, but was found not to be applicable to the facts of that case due to the peculiarities of jurisdiction in multiple-party claims.

■ In our opinion, the holding of *Underwood* properly states the law with respect to the appealability of an order vacating a prior judgment of dismissal that is entered by a court which has no jurisdiction to enter such an order. It most assuredly is a salutary rule, for if a final judgment could be set aside with impunity by a losing party merely because he was able to convince a court which had no jurisdiction over the judgment to vacate it, no judgment of our courts could truly be said to be final or safe from unauthorized challenge. To say to one who has obtained a final judgment in his favor that he may not appeal a void order vacating it until after he has been put to the trouble of relitigating the case would be illogical and destructive. Such a rule would reward the opposing party for an improper use of our courts, encourage further unauthorized attacks on final judgments and deprecate the public's faith in the integrity of final judgments rendered in our courts. The rule of *Underwood* provides a simple method by which to avoid these deleterious effects.

All that remains for our determination is whether the trial court's order of September 12, 1978, dismissing plaintiff's cause was a final order and whether the court was without jurisdiction on December 27, 1978, to set aside the September order and reinstate plaintiff's cause.

⊕ 5, 6 After examining the record, we find the September order to be a final judgment on the merits under Supreme Court Rule 273 (Ill. Rev. Stat. 1977, ch. 110A, par. 273) and the December order setting it aside to be a void order appealable under the rule of *Underwood*. Accordingly, we vacate the order setting aside the September 12, 1978 order of dismissal.

The order dismissing plaintiff's cause states in part:

"And now on this date, September 12, 1978, Defendant's motion to dismiss filed August 31, 1978 comes before the court. Motion allowed. Cause dismissed. So ordered."

This order was entered pursuant to Supreme Court Rule 219(c)(v) (Ill. Rev. Stat. 1977, ch. 110A, par. 219(c)(v)) as a result of plaintiff's long-standing failure to comply with Staley's discovery motion, seeking production of certain items under Supreme Court Rule 214 (Ill. Rev. Stat. 1977, ch. 110A, par. 214). Supreme Court Rule 219(c)(v) authorizes a

court on motion to dismiss a party's suit with or without prejudice for unreasonable failure to comply with any discovery provision, including a request to produce. Supreme Court Rule 273 (Ill. Rev. Stat. 1977, ch. 110A, par. 273) provides in part that:

> "Unless the order of dismissal * * * otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits."

In this case, the dismissal was entered as a penalty for failure to give discovery, it was involuntary, it did not otherwise specify, and it was not covered by one of the rule's exceptions. It was therefore "an adjudication on the merits" and a final order. (*Heizman v. City of Chicago* (1974), 23 Ill. App. 3d 835, 320 N.E.2d 121.) We note further that the recital in an order that the "cause" is dismissed is sufficient to make the judgment final even if entered as here, on a motion to dismiss the complaint. *Kita v. YMCA* (1964), 47 Ill. App. 2d 409, 198 N.E.2d 174.

■■ Generally, the circuit court retains jurisdiction to alter or set aside a judgment for 30 days (see Ill. Rev. Stat. 1977, ch. 110, pars. 50(5), 68.1 and 68.3); however, after the passage of 30 days from the date of its rendition, the final decree of the court becomes a conclusive adjudication. (*Waggoner v. Waggoner* (1979), 78 Ill. 2d 50, 398 N.E.2d 5.) A trial court is without authority to grant relief from a final judgment after 30 days from the entry thereof, except as provided in section 72 of the Civil Practice Act. *Goldstick v. Saporito* (1974), 22 Ill. App. 3d 621, 317 N.E.2d 774.

■■ In the present case the order of dismissal went unchallenged for 79 days and had become a conclusive adjudication. It was no longer subject to the 30-day residual jurisdiction of the trial court. The court could have been reinvested with authority to set aside the prior order through a proper petition under section 72 of the Civil Practice Act; however, as we have already held, plaintiff's motion of November 30, 1978, was insufficient to serve as a petition under section 72. Moreover, since there was no proper petition, the trial court never obtained any authority to set aside the final order of dismissal. The order of December 27, 1978, attempting to do this was consequently void for lack of jurisdiction.

For the foregoing reasons, we reverse the judgment of the circuit court of Madison County by vacating its order setting aside the dismissal order of September 12, 1978. The order of dismissal stands in full force and effect.

Reversed.

KASSERMAN, J., concurs.

Mr. JUSTICE KARNS, dissenting:

The appellant never questioned the sufficiency of the motion to reinstate as a proper section 72 petition, and, as the majority opinion notes, both parties have treated the motion as a proper section 72 petition, at least as to form, in this court. While section 72 of the Civil Practice Act requires matters not of record to be supported by "affidavit or other appropriate showing," this court has held that the failure of the party opposing the petition to question in the trial court the sufficiency of the petition for lack of verification or other appropriate showing constitutes a waiver of this objection on review. (*Strader v. Chrysler Corp.* (1973), 9 Ill. App. 3d 793, 293 N.E.2d 149; see also *Nashlund v. Sabade* (1976), 39 Ill. App. 3d 139, 350 N.E.2d 90.) Thus the only question before this court is whether the trial court abused its discretion in reinstating plaintiff's action. *Taylor v. City of Chicago* (1975), 28 Ill. App. 3d 962, 329 N.E.2d 506; *Klehm v. M. Suson & Associates, Inc.* (1974), 22 Ill. App. 3d 1070, 318 N.E.2d 346; *Nashlund v. Sabade.*

Admittedly, the pleading styled a "motion to reinstate" was not artfully drawn as a section 72 petition; however, I do not believe that this court can say that the trial court abused its discretion in allowing the motion. It does not appear that the delay in producing the documents and materials requested in defendant's request to produce prejudiced the defendant in any respect or was done deliberately with intent to prejudice the defendant in his defense. The excuse offered for their nonproduction was accepted as sufficient by the trial court. I cannot say that lack of due diligence in presenting the petition is demonstrated as a matter of law; again this determination must rest within the sound discretion of the trial court. In fact, want of due diligence does not necessarily bar a section 72 relief. *George F. Mueller & Sons, Inc. v. Ostrowski* (1974), 19 Ill. App. 3d 973, 313 N.E.2d 684; *Nashlund v. Sabade.*

The law favors a resolution of litigation on its merits, and to that end a party should have his day in court; a certain liberality should be accorded litigants to accomplish this end. (*McDonald v. Checker Taxi Co.* (1976), 44 Ill. App. 3d 345, 358 N.E.2d 95.) I believe the trial court did not abuse its discretion in reinstating plaintiff's cause.